IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUFRINIO HERNANDEZ-HERNANDEZ,

        Plaintiff,

    v.

SUPERINTENDENT BLEWETT, and
WAGER, ROC Program Coordinator,

        Defendants.

Case No. 2:21-cv-00583-JR

ORDER TO DISMISS

IMMERGUT, J.

Plaintiff, an adult in custody at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*.   However, for the reasons set forth below, the Court dismisses plaintiff's Complaint.

## BACKGROUND

Plaintiff alleges that while he was on the yard at TRCI an ROC program dog escaped his handler and bit plaintiff on the legs and feet.   He alleges he had to go to medical to have his bite

1 - ORDER TO DISMISS

wounds and bruises tended, and that his shoes were ruined.    Plaintiff alleges the dog was a known

"biter," and that the dog's handler repeatedly warned people not to get too close.    Plaintiff alleges

his right to be free from cruel and unusual punishment under the Eighth Amendment was violated

and seeks money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a

governmental entity or officer or employee, if the Court determines that the action (i) is frivolous

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief.    See 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford

the plaintiff the benefit of any doubt.    Erickson v. Pardus, 551 U.S. 89, 94 (2007).    Moreover,

before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the

plaintiff with a statement of the complaint's deficiencies.    Karim-Panahi v. Los Angeles Police

Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.

1987).    A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that

the deficiencies of the complaint cannot be cured by amendment.    Karim-Panahi, 839 F.2d at 623;

Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim under § 1983, a complaint must allege that a defendant, while acting under

color of state law, caused a deprivation of the plaintiff's federal rights.    42 U.S.C. § 1983; West

v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

1989) (citation omitted).    A § 1983 plaintiff must establish both causation-in-fact and proximate

(*i.e.*, legal) causation.   See Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Allegations regarding § 1983 causation "must be individualized and focus on the duties and

responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

constitutional deprivation."   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations

omitted).   "Sweeping conclusory allegations [regarding causation] will not suffice[.]"   Id.

(citation omitted).

     "Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."

Farmer v. Brennan, 511 U.S. 825, 834 (1994).   To prevail upon an Eighth Amendment claim

against a prison official an inmate must meet two requirements: "one objective and one subjective."

Lopez, 203 F.3d at 1132.   "Under the objective requirement, the prison official's acts or omissions

must deprive an inmate of the minimal civilized measures of life's necessities.   The subjective

requirement, relating to the defendant's state of mind, requires deliberate indifference."   Id. at

1133 (quoting Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1995)).

     Plaintiff has not alleged facts sufficient to satisfy the objective prong of an Eighth

Amendment claim as he does not provide sufficient details regarding his injury; he merely states

he was treated by medical services for "bites and bruises."   Plaintiff also has not alleged sufficient

facts to establish a claim that defendants were deliberately indifferent to plaintiff's safety in

violation of the Eighth Amendment.   See Farmer, 511 U.S. at 833 (holding that a prisoner's

Eighth Amendment rights are violated when prison officials are deliberately indifferent to his need

for safety).   Plaintiff alleges that the dog in question "escaped" his handler.   This allegation,

which might rise to the level of negligence, does not satisfy the requirement that defendants knew

of and disregarded an excessive risk to his safety.   Id. at 835-36 (negligence and gross negligence

3  - ORDER TO DISMISS

do not constitute deliberate indifference); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976) ("accidents" and "inadvertent failure" do not rise to the level of deliberate indifference). Accordingly, plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint.    Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order.    Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

Because plaintiff has not established extraordinary circumstances, the Court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 3).

IT IS SO ORDERED.

DATED this ___9th___ day of June 2021.

*Karin J. Immergut*

Karin J. Immergut
            United States District Judge

4  - ORDER TO DISMISS