UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


EUFRONIO HERNANDEZ-HERNANDEZ,

        Plaintiff,

   v.

TYLER BLEWETT, et al.,

        Defendants.

Case No. 2:21-cv-00583-JR

ORDER

RUSSO, Magistrate Judge:

Pro se plaintiff Eufronio Hernandez-Hernandez filed this action under 42 U.S.C. § 1983 against defendants challenging the conditions of his confinement with the Oregon Department of Corrections ("ODOC"). Am. Compl. at 3-4 (ECF 9). Defendants now move for Partial Summary Judgment (ECF 34) pursuant to Federal Rule of Civil Procedure 56. All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants defendants' Motion for Partial Summary Judgment (ECF 34).

## BACKGROUND

At all relevant times, plaintiff was an adult in custody at Two Rivers Correctional Institute ("TRCI"). On August 23, 2019, plaintiff was in the yard at TRCI when he was bitten by

1 – ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

a Rehabilitation of Offenders and Canines ("ROC") program dog named Jet. Am. Compl. at 7 (ECF 9). The incident was described on the ROC Dogs Incident Check List (ECF 91) as follows:

> Handler Zavala was playing with dog (Jet), on a dog leash when Inmate Hernandez walked up on them from behind the handler. The dog left the handler and bit inmate Hernandez on the ankle. Inmate Hernandez has been told to stay away from Jet (often) when Jet is playing. Handler Zavala did not see inmate Hernandez approaching.

Id. at 91. Shortly after the incident, plaintiff went to the infirmary. There, the nurse on duty, Shannon Rhodes ("Rhodes"), found "scuffed skin to achilles area" on plaintiff's right foot with no bruising or bleeding and a "tiny open area to outer ankle" with no bruising or bleeding on plaintiff's left foot. ODOC Progress Notes at 38 (ECF 30). Two days later, on August 25, 2019, plaintiff was seen by another nurse, Davis Gordanier ("Gordanier"), who examined his ankles, observed "minor redness", and noted that the "issues appeared to be resolving." Gordanier Decl. at 2 (ECF 35); ODOC Progress Notes at 38 (ECF 30). No further treatment was recommended. Id. On October 22, 2019, plaintiff submitted a Non-Emergency Health Care Request (ECF 30) regarding alleged swelling and pain in his ankle. Id. at 24. When plaintiff was seen in the infirmary on October 25, 2019, the nurse on duty noted plaintiff was "to try Ibu + tyl to see if helps" and "arch supports to shoes . . . if needed." ODOC Progress Notes at 36 (ECF 30).

On June 18, 2021, plaintiff filed a First Amended Complaint (ECF 9) asserting two Eighth Amendment violations: (1) "Coordinator Wagner was deliberately indifferent toward my safety by knowingly ordering a dog, known to bite, to be near me without muzzle or adequate protection" (Claim One, failure to protect), Am. Compl. at 6 (ECF 9); and (2) "RN Rhodes M. was deliberately indifferent to my serious medical need when she knowingly and deliberately refused to give me a tetanus shot after being bit by a dog on 9/23/2019" (Claim Two, failure to provide adequate medical treatment). Id.

2 – ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

On March 16, 2022, defendants Brewer, Rhodes, and Lilly filed the present Motion for Partial Summary Judgment ("Mot.") as to the claims against them. Mot. (ECF 34). On March 18, 2022, the Court provided plaintiff with a "Summary Judgment Advice Notice" (ECF 36), explaining this lawsuit's procedural posture and what was expected from plaintiff to survive summary judgment. Plaintiff filed a Response (ECF 37) on March 25, 2022.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

3 – ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**DISCUSSION**

Defendants Blewett and Lilly argue they are entitled to summary judgment because "nothing in the two claims or in the rest of the complaint makes any specific allegations against [them]." Mot. at 2 (ECF 34). Defendant Rhodes argues for summary judgment because there is no evidence "that Plaintiff suffered more than minor injuries from the alleged dog bite," nor that Rhodes provided objectively unreasonable medical care. Id. at 6-7.

## I.    42 U.S.C. § 1983

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the conduct complained of deprived him or her of an existing federal constitutional or statutory right; and (2) the conduct was committed by a state actor or a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (a defendant must be "personally involved in the deprivation of [the plaintiff's] civil rights" to be liable under section 1983). Accordingly, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." Taylor, 880 F.2d at 1045; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). As such, "a plaintiff may state a claim against a supervisor for deliberate indifference

based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Id.

Here, plaintiff cannot prevail on his section 1983 claims against defendant Blewett or defendant Lilly because the Amended Complaint lists them as defendants but alleges no wrongful conduct on the part of either defendant. Moreover, plaintiff offers no facts or evidence indicating that either Blewett or Lilly "participated in or directed" any alleged civil rights violations against plaintiff or "knew of the violations" and failed to prevent them. Taylor, 880 F.2d at 1045. Plaintiff argues in his Response (ECF 37) that "Blewett is directly responsible for Miss Wagner as he is or was at this time her boss and the one in charge of allowing these troubled dogs on the unit." Id. at 2. However, it is well established that there is no respondeat superior liability under section 1983, Taylor, 880 F.2d at 1045, and plaintiff's reference to Blewett as Wagner's 'boss' is insufficient to establish the kind of personal participation required on a section 1983 claim. See id. Blewett is therefore entitled to summary judgment.

Regarding defendant Lilly, plaintiff argues that Lilly and defendant Rhodes were "the staff on shift . . . and were by in large responsible for my well being and also for my safety and who made the decision to not help me at the time of the dog attack." Resp. at 3 (ECF 37). Again, however, "[l]iability under § 1983 must be based on a defendant's personal participation in the alleged deprivation of the plaintiff's constitutional rights." Barron, 152 F.3d at 1194. While the record indicates that defendant Lilly was on duty at the time plaintiff was allegedly injured, plaintiff fails to allege that Lilly acted or failed to act in a manner that caused him harm; additionally, a defendant's association with or membership in a group—such as, for example, staff who share the same shift—is insufficient for section 1983 liability "without a showing of individual participation in the unlawful conduct." Fisher v. Cty. of Orange, No.

5 – ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

SACV1601866CJCKESX, 2018 WL 1036847, at *9 (C.D. Cal. Feb. 14, 2018) (citing Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996)). Because plaintiff fails to allege that Lilly was personally involved in the dog bite incident, and because "merely being present at the scene" where unconstitutional conduct occurs is insufficient to warrant an inference of individual liability, Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002) (citing Chuman, 76 F.3d at 294), Lilly is entitled to summary judgment.

## II. Eighth Amendment

Plaintiff's Eighth Amendment claim against defendant Rhodes alleges that "she knowingly and deliberately refused to give [plaintiff] a tetanus shot after being bit by a dog on 9/23/2019." Am. Compl. at 6 (ECF 9).

Under 42 U.S.C. § 1983, to sustain an Eighth Amendment claim based on inadequate medical treatment, a plaintiff must establish the existence of "'a serious medical need'" and show that a defendant's "response to the need was deliberately indifferent." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted); Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need exists if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted). Prison officials may demonstrate deliberate indifference by denying, delaying, or intentionally interfering with medical treatment, or by the way in which medical treatment is provided. Id. (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002). However, "[a] difference of opinion between a physician and the prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted). "Rather, to prevail on a claim involving choices between

alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Id. (citation omitted).

Here, plaintiff cannot prevail on his Eighth Amendment claim against defendant Rhodes because he cannot show that he suffered a "serious medical need." Jett, 439 F.3d at 1096. Plaintiff alleges that Rhodes "decided not to give me the tetnas [sic] shot or tested for rabies," Resp. at 3 (ECF 37), but there is no evidence that plaintiff requested either treatment or that such treatment was necessary. Instead, the record shows, and plaintiff does not contest, that, shortly after the incident with the ROC dog, plaintiff was examined by Rhodes and presented with a "tiny open area to the outer ankle with no signs of bruising or bleeding" on one foot and "scuffed skin to the achilles area, but no bleeding nor bruising" on the other foot. Gordanier Decl. at 2 (ECF 35); ODOC Progress Notes at 38 (ECF 30). Two days later, nurse Gordanier examined plaintiff and noted "minor redness," observed that his issues "appeared to be resolving," and recommended no further treatment. Id. Nothing in the record suggests that plaintiff suffered anything more than a minor injury, and there is no evidence that the failure to test for rabies or provide a tetanus shot resulted in "further significant injury" or caused "'unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citation omitted).

While plaintiff argues that "any responsible medical professional should have at least offered to have me tested instead of denying me any help," Resp. at 3 (ECF 37), "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Brown v. Freitas, No. C 13-5630 NJV (PR), 2015 WL 1197913, at *2 (N.D. Cal. Mar. 16, 2015) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981)). Further, plaintiff offers no facts or evidence that indicates the care allegedly denied by

7 – ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Rhodes "'was medically unacceptable under the circumstances,'" or was chosen "'in conscious disregard of an excessive risk to his health.'" Hamby, 821 F.3d at 1092 (citations omitted). Plaintiff claims he suffered "mental anguish" and states, "I am now scared of Dogs," but neither claim shows that Rhodes "knew of and disregarded an excessive risk to plaintiff's health or safety." Dean v. Ruthven, No. 2:19-CV-02050-JR, 2021 WL 2043099, at *10 (D. Or. May 20, 2021). Plaintiff has therefore failed to show an Eighth Amendment violation under 42 U.S.C. § 1983. Because plaintiff cannot prevail on his claim without showing that Rhodes was deliberatively indifferent to his serious medical needs, Rhodes is entitled to summary judgment. See id. at *11 (granting defendants summary judgment on a section 1983 claim where there was no evidence prison medical staff "purposefully failed to respond to plaintiff's possible medical needs nor was plaintiff harmed by any alleged indifference").

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion for Partial Summary Judgment (ECF No. 34).

IT IS SO ORDERED.

DATED: April 22, 2022

      /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge